# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GARLAND CLEM,**

    Petitioner,

v.                                  **CIVIL ACTION NO. 3:06-CV-41**
                                   **CRIMINAL ACTION NO. 3:04-CR-4**
                                   **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## THAT CASE BE DISMISSED AND STRICKEN FROM DOCKET

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By standing Order, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on July 3, 2007 [Civ. Doc. 4]. In that filing, the magistrate judge recommended that this Court deny and dismiss the *pro se* plaintiff's complaint filed under 28 U.S.C. § 2255 [Civ. Doc. 1] because the petition is time-barred.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten days of receiving the R & R [Civ. Doc. 4], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). To date, no objections to the R & R have been filed. Accordingly, this Court will review the report and recommendation for clear error.

On April 5, 2004, the petitioner signed a plea agreement by which he agreed to plead to Count 1 of the Indictment, felon in possession of a firearm. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Further, at his April 12, 2004, plea hearing, the Court made a thorough examination of the terms of the plea agreement, and the petitioner stated that he understood and agreed with all its terms. The petitioner then entered his guilty plea, stating under oath that it was of his own free will. The petitioner was then sentenced to a term of 62 months imprisonment and did not file a direct appeal. Now, the petitioner contends in four grounds that he should receive jail credit time and sentence reductions.

This Court finds that the petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, which establishes a one-year limitation period within which to file any federal habeas corpus motion. For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. This petitioner did not file a direct appeal of his conviction. Therefore, his conviction became final on July 31, 2004, the date his time for filing a direct appeal expired. Accordingly, the deadline for which this habeas corpus petition expired was July 31, 2005

under the AEDPA. Because this petitioner did not file this petition until April 28, 2006, it is time barred.

Upon careful review of the report and recommendation, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Civ. Doc. 4 / Crim. Doc. 31] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Therefore, this Court hereby **DENIES** the 2255 petition [Civ. Doc. 1 / Crim Doc. 25]. Accordingly, the Court hereby **DIRECTS** the Clerk to **DISMISS** petitioner's Motion to Vacate [Civ. Doc. 1 / Crim. Doc. 25] and to **STRIKE** it from the active dockets of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit by certified mail a copy of this Order to any counsel of record and the *pro se* petitioner.

**DATED:** October 17, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE